# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| JARED SERMON AND JAMIE SERMON, | Case No. 2:09-cv-01597-JLR |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| vs. | |
| IQ DATA INTERNATIONAL, INC., | *JURY TRIAL DEMANDED* |
| Defendant. | |

# NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Revised Code of Washington, Chapters 19.16, the Washington Fair Debt Collection Practices Act, and 19.86, the Washington Consumer Protection Act.

First Amended Complaint - Page 1 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this district, where Plaintiffs reside in this State and this district, and where Defendant transacts business in this State and this district.

## PARTIES

4. Plaintiffs, Jared Sermon and Jamie Sermon ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Idaho, County of Canyon, and City of Nampa.

5. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, I.Q. Data International, Inc., ("Defendant") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiffs, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

## FACTUAL ALLEGATIONS

8. Plaintiffs are natural persons obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiffs' obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. On or about July 11, 2009, Defendant wrote Plaintiffs a letter in an effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Shortly thereafter, Defendant began making and/or placing multiple telephone calls to Plaintiffs' cellular telephone number, in effort to collect from Plaintiffs an obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

First Amended Complaint - Page 3 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

13. In addition to calling Plaintiffs' cellular telephone number, Defendant made and/or placed multiple telephone calls to Plaintiff Jamie Sermon's work telephone number regarding the alleged debt.

14. Plaintiff Jamie Sermon informed Defendant that such calls were inconvenient and violated her employer's policy, and asked Defendant to cease all phone calls to her work telephone number.

15. Defendant continued to call Plaintiff Jamie Sermon's work telephone number after being asked to cease said phone calls.

16. During these telephone conversations with Plaintiffs, within the thirty day dispute period, Defendant threatened to process a judgment immediately against both Plaintiffs if they did not enter into an acceptable payment plan or pay in full.

**COUNT I: VIOLATION OF 15 U.S.C. § 1692e(5)**

17. Plaintiffs incorporate by reference all of the preceding paragraphs.

18. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action which cannot legally be taken or that was not actually intended to be taken

19. Defendant threatened to process a judgment immediately against Plaintiffs when Defendant had no intention of doing so and only mentioned the judgment so as to induce Plaintiffs into paying the debt.

First Amended Complaint - Page 4 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

20. To the extent that Defendant intended to process a judgment immediately against Plaintiffs, Defendant threatened to take action which cannot legally be taken.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

### COUNT II: VIOLATION OF 15 U.S.C. § 1692g(b)

21. Plaintiffs incorporate by reference all of the preceding paragraphs.

22. Defendant violated § 1692g(b) by overshadowing the disclosures required by § 1692g(a) during the thirty day dispute period.

First Amended Complaint - Page 5 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

23.     15 U.S.C. § 1692g(a) requires debt collectors to disclose certain information to debtors within five days after the initial communication with a debtor.  *See* 15 U.S.C. § 1692g(a)(1)–(5).

24.     15 U.S.C. § 1692g(b) prohibits "[a]ny collection activities and communication during the 30-day period [that] overshadow or [are] inconsistent with the disclosure of the consumer's right to dispute the debt . . . ."

25.     A debt collector does not comply with section 1692g(a) "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed *effectively* to the debtor." *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F. 2d 1222, 1225 (9th Cir.1988) (emphasis added).  A collection letter, even should it track the statutory language of the FDCPA, "nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Meselsohn v. Lerman*, 485 F. Supp. 2d 215 (E.D. N.Y. 2007).  Language is "overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell v. Equifax A.R.S.,* 74 F. 3d at 30 (2d Cir. 1996).

26.     Defendant overshadowed the disclosure required by § 1692g, in violation of § 1692g(b), by threatening to take legal action against Plaintiffs during the thirty day dispute period.

First Amended Complaint - Page 6 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(b);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III: VIOLATION OF 15 U.S.C. § 1692c(a)(3)**

27. Plaintiffs incorporate by reference all of the preceding paragraphs.

28. 15 U.S.C. § 1692c(a)(3) prohibits debt collectors from communicating with a debtor at his or her "place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication."

First Amended Complaint - Page 7 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

29.     Defendant violated § 1692c(a)(3) by continuing to call Plaintiff Jamie Sermon's work telephone number after being informed by Plaintiff that the calls were inconvenient and against the policy of Plaintiff's employer.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(3);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiffs actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV: VIOLATIONS OF THE WASHINGTON FAIR DEBT COLLECTION PRACTICES ACT, RCW § 19.16.250(12)

30.     Plaintiffs incorporate by reference all of the preceding paragraphs.

31.     Defendant violated RCW § 19.16.250(12)(a) by calling Plaintiffs more than three times in a single week.

First Amended Complaint - Page 8 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

32. Defendant violated RCW § 19.16.250(12)(b) by calling Plaintiff Jamie Sermon's work number more than one time in a single week.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated RCW § 19.16.250(12)(a)–(b);

b) Awarding Plaintiffs statutory damages;

c) Awarding Plaintiffs actual damages;

d) Awarding Plaintiffs discretionary and treble damages;

e) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

### COUNT V: VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT, RCW § 19.86

33. Plaintiffs incorporate by reference all of the preceding paragraphs.

34. RCW § 19.16.440 provides that a violation under RCW § 19.16 (The Washington Fair Debt Collection Practices Act) is a per se violation of RCW 19.86 (The Washington Consumer Protection Act).

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

35.     Thus, having violated RCW § 19.16, Defendant is also in violation of RCW § 19.86.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated RCW § 19.86;

b) Awarding Plaintiffs statutory damages;

c) Awarding Plaintiffs actual damages;

d) Awarding Plaintiffs discretionary and treble damages;

e) Awarding Plaintiffs reasonable attorneys' fees ands costs incurred in this action;

f) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

g) Awarding such other and further relief as the Court may deem just and proper.

First Amended Complaint - Page 10 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com

Respectfully submitted this 13th day of July, 2010.

>s/Jon N. Robbins
>Jon N. Robbins
>28991
>WEISBERG & MEYERS, LLC
>3877 N. Deer Lake Rd.
>Loon Lake ,WA 99148
>509-232-1882
>866-565-1327 facsimile
>jrobbins@AttorneysForConsumers.com

## DECLARATION OF SERVICE/MAILING

I, Jon N. Robbins, do hereby state under penalty of perjury under the laws of the State of Washington that on this date, I caused to be delivered a true and correct copy of this First Amended Complaint to the attorney for defendant, Michael S. O'Meara, through the Court's Electronic Filing system, to:

Michael S. O'Meara
I.Q. Data International, Inc.
1010 S.E. Everett Mall Way, Suite No. 100
Everett, WA 98208
WSBA No. 41502

SIGNED this 13th day of July, 2010, at Seattle, Washington.

>/s/ Jon N. Robbins
>Jon N. Robbins

First Amended Complaint - Page 11 - 2:09-cv-01597-JLR

Jon N. Robbins
WEISBERG & MEYERS, LLC
3877 N. Deer Lake Rd.
Loon Lake, WA 99148
509-232-1882
866-565-1327 facsimile
jrobbins@AttorneysForConsumers.com